<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**</u>

| | | |
|---|---|---|
| VIRGINIA SURETY COMPANY, INC., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-5586 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JACK MACEDO, SANDRA MACEDO- | : | |
| BILYNSKY, CARLOS PEIXOTO, | : | |
| MACEDOS CONSTRUCTION CO., INC., | : | |
| OF NEW JERSEY, C.C.S. SERVICES OF | : | |
| EAST HANOVER, INC., JOSE MOREIRA, | : | |
| ROSA GOMES, and JANE DOES 1-3, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the motion to dismiss Plaintiff's Complaint for

failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by

Jack Macedo, Sandra Macedo Bilynsky, Macedos Construction Company, Inc., C.C.S. Services

of East Hanover, Inc., Carlos Peixoto,  Jose Moreira and Rosa Gomes (collectively

"Defendants").  For the reasons set forth below, Defendants' motion to dismiss shall be granted,

without prejudice.

1

## I. PARTIES

At all times relevant herein, Virginia Surety Co., Inc. ("Virginia Surety" or "Plaintiff") was and still is a foreign corporation organized and existing under, and by virtue of, the laws of the State of Illinois, with its principal place of business in Illinois, and is duly authorized to transact insurance business in the State of New Jersey. (Complaint at ¶ 3.) Jack Macedo is an individual, residing in New Jersey, and was a shareholder and a principal of the New Jersey corporation Macedos Construction Co., Inc. (Id. at ¶ 4.) At all times relevant herein, Sandra Macedo-Bilynsky is an individual, residing in New Jersey, and a principal of the New Jersey company Macedos Construction Company, Inc. (Id. at ¶ 5.) At all times relevant herein, Carlos Peixoto is an individual, residing in New Jersey, and a foreman employed by Macedos Construction Company, Inc. (Id. at ¶ 6.)

At all times relevant herein, Macedos Construction Company, Inc. was a corporation organized and existing under, and by virtue of, the laws of the State of New Jersey and maintained its principal place of business in this State. (Id. at ¶ 7.) At all times relevant herein, Macedos Construction Company, Inc. engaged in the business of providing and pouring concrete for commercial construction projects. (Id. at ¶ 8.)

At all times relevant herein, C.C.S. Services of East Hanover, Inc. was a corporation organized and existing under, and by virtue of, the laws of the State of New Jersey and maintained its principal place of business in this State. (Id. at ¶ 9.) C.C.S. Services of East Hanover, Inc. is a corporation owned in whole or in part by individual members of the Macedo family. (Id. at ¶ 10.) The shares of C.C.S. Services of East Hanover, Inc. are not owned by Macedos Construction Company, Inc. (Id. at ¶ 11.)

2

At all relevant times herein, Macedos Construction Co., Inc. and C.C.S. Services of East Hanover, Inc., (collectively the "Enterprise") was an enterprise engaged in, and or which activities affected interstate commerce.  (<u>Id.</u> at ¶ 12.)   At all relevant times herein, the Enterprise was controlled and operated by members of the immediate family of Jack and Cathleen Macedos.  (<u>Id.</u> at ¶ 13.)  At all times relevant herein, defendants Jack Macedos, Sandra Macedos-Bilynsky, Carlos Peixoto and Jane Does 1 through 3 (the Macedos Defendants ) were persons employed by, and\or associated with, the Enterprise.  (<u>Id.</u> at ¶ 14.)  At all times relevant herein, defendants Jack Macedos, Sandra Macedos-Bilynsky, Carlos Peixoto and Jane Does 1 through 3 conducted or participated directly or indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity.  (<u>Id.</u> at ¶ 15.)

At all times relevant herein, Jose Moreira is an individual residing at 46 Jackson Avenue, Mineola, New York.  (<u>Id.</u> at ¶ 16.)  At all times relevant herein, Jose Moreira was a full-time employee of D Rice Contracting Company.  (<u>Id.</u> at ¶ 17.)  At all times relevant herein, Rosa Gomes is an individual residing at 46 Jackson Avenue, Mineola, New York.  (<u>Id.</u> at ¶ 18.)  Each of the Defendants acted as agents for each other for the purpose of advancing the fraudulent schemes described below.  (<u>Id.</u> at ¶ 19.)

## II. <u>FACTUAL BACKGROUND</u>

Virginia Surety issued a Worker's Compensation and Employers Liability Insurance Policy, number 2CW50068902, to Macedos Construction Company, Inc., a commercial concrete contractor, for the policy period of March 31, 2005 to March 31, 2006.  (<u>Id.</u> at ¶ 20.) Virginia Surety issued a Commercial General Liability Policy, number 2CG0000050068703, to Macedos Construction Company, Inc. for the policy period of March 31, 2005 to March 31,

2006.  (Id. at ¶ 21.)  In conjunction with the issuance and renewal of the aforesaid Commercial

General Liability Policy, defendants represented to Virginia Surety that Macedos Construction

Company, Inc. and its affiliates were engaged exclusively in commercial concrete construction

projects.  (Id. at ¶ 22.)

      Jose Moreira was injured on October 1, 2005, while working on a private residence being

built by the owners thereof, defendant Carlos Peixoto and his wife, Christine Macedo-Peixoto, at

1 Parsonage Lot Road in Tewksbury, New Jersey under building permits numbered T-0-4-516

and T-04-5156+A (the Peixoto Residence) (Id. at ¶ 23.)  Jose Moreira performed work at the

Peixoto Residence on September 24-25, 2005 without incident.  (Id. at ¶ 24.)  Jose Moreira was

paid for the work performed at the Peixoto Residence on September 24-25, 2005 by means of

funds tendered by Carlos Peixoto to Moreira and/or his associate Manuel Covas.  (Id. at ¶ 25.)

Jose Moreira was never employed by Macedo Construction Co., Inc.  (Id. at ¶ 26.)  Jose Moreira

was not employed at any relevant time by any subsidiary of Macedo Construction Co., Inc.  (Id.

at ¶ 27.)

      Following Moreira's accident, Carlos Peixoto and the other defendants induced and

convinced Moreira to falsely claim that he was an employee of Macedos Construction Company,

Inc., for the purpose of triggering coverage under the Virginia Surety Workers' Compensation

policy issued to Macedos Construction Company, Inc.  (Id. at ¶ 28.)  Upon information and

belief, Carlos Peixoto and the Macedos Defendants and each of them communicated with one

another and Jose Moreira to convince Moreira to join in their fraudulent scheme from in or about

October 1, 2005 through and including October 14, 2005, and in so doing used or caused to be

used the mails, telephone, telegraph and other wires dedicated to the communication of electronic

data in the United States (hereinafter U.S. mail and wires).  (Id. at ¶ 29.)  To this end in or about the second week of October 2005 the Macedos Defendants and each of them caused to be delivered, and\or conspired to cause the delivery of a Workers Compensation Questionnaire to Moreira, and in so doing used or caused to be used the U.S. mail and wires.  (Id. at ¶ 30.) Moreira completed a false and fraudulent Workers' Compensation Questionnaire, stating that he was an employee of Macedos Construction Company, Inc.  (Id. at ¶ 31.)  On or about October 14, 2005 Moreira and the Macedos Defendants caused the completed Workers' Compensation Questionnaire to be submitted to Virginia Surety (via its third party claim administrator) in Bethlehem, Pennsylvania, using the United States mail and\or wires for the purpose of seeking Workers Compensation insurance coverage and benefits.  (Id. at ¶ 32.)

Sandra Macedo-Bilynsky and the Macedos Defendants submitted a First Notice of Claim Form falsely identifying Moreira as a Macedos Construction Co., Inc. employee on the date of the accident, for the purpose of notifying Virginia Surety of the Moreira accident on October 5, 2005, and transmitted the same to Virginia Surety via Macedos's insurance broker, using–and intending others to use–the U.S. mail and\or wires in so doing.  (Id. at ¶ 33.)  Sandra Macedo-Bilynsky and the Macedos Defendants produced and transmitted or caused to be transmitted to Virginia Surety by means of the U.S. mail and wires false and fraudulent W-2 forms reporting a total of $367.50 dollars as Moreira's yearly earnings from C.C.S. Services of East Hanover, Inc. (Id. at ¶ 34.)  Sandra Macedo-Bilynsky and the Defendants submitted the aforesaid Questionnaire, Notice of Claim, and W-2 form to Virginia Surety by U.S. mail and wires for the purpose of inducing Virginia Surety to pay insurance benefits and make other payments to or for the benefit of defendants, which benefits and payments were not due and owing.  (Id. at ¶ 35.)

In reliance upon the foregoing false statements and fraudulent conduct of defendants, and the mail and wire fraud perpetrated upon it, Virginia Surety has paid in excess of $250,000 in insurance proceeds in error to or for the benefit of Defendant Jose Moreira, and to the unjust enrichment of each defendant herein.  (Id. at ¶ 36.)  By reason of the foregoing fraudulent statements, each of the defendants and their affiliated enterprises and shareholders have been unjustly enriched and improperly protected against liability and expense they would have otherwise incurred.  (Id. at ¶ 37.)

Defendant Moreira has now revealed, under oath, that he conspired with the other Defendants, to fabricate and misrepresent an employment relationship with Macedos Construction Company, Inc. for the purpose of obtaining Workers' Compensation benefits and the payment of medical expenses to which he was not entitled from Virginia Surety.  (Id. at ¶ 38.)  In conjunction with his admission that he was not employed by Macedos Construction Company, Inc., Defendant Moreira commenced an action against that entity and others (the Moreira Action) to recover damages for his injuries irrespective of the Workers' Compensation bar.  (Id. at ¶ 39.)  In conjunction with his admission that Jose Moreira was not employed by Macedos Construction Company, Inc., Jose Moreira withdrew from the Defendants' conspiracy to induce Virginia Surety to pay unwarranted Workers' Compensation benefits, but has not repaid any part of the sums and\or benefits he received and continues to receive.  (Id. at ¶ 40.)

Virginia Surety, unaware of the Defendants' multiple acts of fraud, defended Macedos Construction Company, Inc. in the Action commenced by Moreira, pursuant to the Commercial General Liability Policy.  (Id. at ¶ 41.)  Virginia Surety has paid no less than $31,891.97 in defending Macedos Construction Company, Inc., in the Moreira Action, and continues to incur

the costs and expense of defense.  (Id. at ¶ 42.)  Defendants Macedo, Peixoto and Macedo-Bilynsky have been unjustly enriched by reason of Virginia Surety's defense of the Moreira action.  (Id. at ¶ 43.)  The Enterprise controlled and directed by the Macedos Defendants has been unjustly enriched and through the pattern of mail and wire fraud described herein, and continues to benefit defendants by reason of the racketeering activity of the Macedos Defendants.  (Id. at ¶ 44.)

During the pendency of the Moreira Action, Jack Macedo approached Moreira on behalf of himself and the other Macedos Defendants and suggested to Moreira that Moreira terminate his lawsuit against the Peixotos and Macedos Construction Company, Inc. and continue to collect Workers' Compensation benefits being paid by Virginia Surety.  (Id. at ¶ 45.)  Upon information and belief, Defendant Jack Macedo and the other Macedos Defendants employed the U.S. mail and wires to communicate and facilitate the aforesaid attempt to continue to perpetuate their fraudulent scheme against Virginia Surety.  (Id. at ¶ 46.)

During the pendency of the Moreira Action, following an inordinate and inexplicable delay, the Defendants produced a document purporting to be a contract between Macedos Construction Company, Inc. and defendant Peixoto for the construction of the Peixoto Residence.  (Id. at ¶ 47.)  Upon information and belief the aforesaid Putative Contract was a false and fraudulent document that was fabricated for the purpose of presenting the false impression that Macedos Construction Co., Inc. was the contractor engaged to construct the Peixoto Residence, and was the employer of construction workers, including Jose Moreira who performed work at the Residence.  (Id. at ¶ 48.)  The Putative Contract was created and transmitted to Virginia Surety by the Macedos Defendants (other than Moreira) using U.S. mail

and wires for the purposes of inducing Virginia Surety to provide and continue to provide insurance coverage to Macedos Construction Company, Inc., including but not limited to the defense in the Moreira action.  (Id. at ¶ 49.)

The Defendants invented and used the spurious documents and fraudulent means specified in paragraphs 1 through 49 above, and made numerous other false and fraudulent statements, and committed acts and omissions for the purpose of advancing their fraudulent scheme to transfer responsibility and damage to Virginia Surety for any loss, cost or expense that was incurred, or may be incurred in the future, by the Enterprise, the Macedos Defendants and/or the business entities owned by defendants and or members of their families, by reason of the injuries claimed to have been sustained by Jose Moreira.  (Id. at ¶ 50.)

Defendant Jack Macedo has admitted to paying no less than seven bribes in the aggregate sum of $110,500 to a Construction Manager retained by Princeton University in order to aid the Macedos Construction Co. to win a bid for a construction contract with Princeton University. (Id. at ¶ 55.)

Defendant Jack Macedo was convicted on April 17, 2008 for violation of 18 U.S.C. § 1952 for interstate travel in aid of a racketeering enterprise.  (Id. at ¶ 54.)  The predicate acts of bribery form a pattern of racketeering activity in that they were perpetrated for the common purpose of obtaining unfair and unreasonable financial advantages for the Enterprise (and thereby the Macedos Defendants). (Id. at ¶ 57.)

Plaintiff filed a Complaint in the District of New Jersey alleging that the Macedos Defendants have engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (Count I).  Additionally, Plaintiff alleges multiple counts of state law fraud, including insurance

8

fraud, workers' compensation fraud, conspiracy to defraud, and unjust enrichment against the

Macedos Defendants, Jose Moreira, and Rosa Gomes (Counts II, III, IV, V, and VI).  In Counts

VII and VIII of its Complaint, Plaintiff seeks declaratory relief against the Macedos Construction

Company, Inc.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1332, and

1367.  The parties to this action are of diverse citizenship and the amount in controversy exceeds

$75,000.  Venue is proper, pursuant to 28 U.S.C. § 1391.

### IV. STANDARD OF REVIEW

#### A.  The Standard of Review for a Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 127 S.

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the

decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65 (internal citations

omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  "The pleader is required

to 'set forth sufficient information to outline the elements of his claim or to permit inferences to

9

be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993)

(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure: Civil 2d § 1357 at 340 (2d ed. 1990)).

A court must accept as true all allegations in the complaint and all reasonable inferences

that can be drawn therefrom, and view them in the light most favorable to the non-moving party.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also

Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can

prove any set of facts consistent with his or her allegations that will entitle him or her to relief,

not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173

(3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it

will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping

legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132

F.3d 902, 906 n.8 (3d Cir. 1997).  "The defendant bears the burden of showing that no claim has

been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to

articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S.

Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000)

(stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a

claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the

allegations of the complaint, as well as documents attached to or specifically referenced in the

complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(d).

        "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal et al., 129 S.Ct. 1937, 1950 (2009).

**B.  The Standard of Review for a RICO Action under 18 U.S.C. § 1962**

        A private plaintiff must allege injury to his/her business or property to confer standing.  See  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  "It is injury, not racketeering activity, which triggers the accrual of the statute of limitations for a RICO action."  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 166, 173 (D.N.J. 1998) (citing Landy v. Mitchell Petroleum Tech. Corp., 734 F. Supp. 608 (S.D.N.Y. 1990)). "Thus, the issue becomes when

plaintiffs knew or should have known that defendants conducted an enterprise through a pattern of racketeering activity which injured their business or property."  Gunter, 32 F. Supp. 2d at 173.

The RICO statute provides that: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

In order to state a RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." Sedima, 473 U.S. at 496.  An enterprise, for purposes of the RICO Act, "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

"A pattern of racketeering activity requires at least two predicate acts of racketeering. These predicate acts of racketeering may include, inter alia, federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).

The federal mail and wire fraud statutes prohibit the use of the mail or interstate wires for purposes of carrying out any scheme or artifice to defraud.  See 18 U.S.C. §§ 1341, 1343. "A scheme or artifice to defraud need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentation or omission reasonably calculated to deceive persons of ordinary prudence and comprehension." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 528 (3d Cir. 1998).

When "plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity.  In order to satisfy Rule 9(b), plaintiffs must plead with particularity 'the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.  Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'  Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation."  Lum, 361 F.3d at 223-24 (citations omitted).

## V. ANALYSIS

### A.  Plaintiff's RICO Claim Against the Macedos Defendants

The Plaintiff has failed to adequately plead a RICO cause of action predicated on mail and wire fraud because its general allegations of fraud do not comply with FED. R. CIV. P. 9(b). Plaintiff alleges that Defendants Jack Macedo, Sandra Macedo-Bilynsky, Carlos Peixoto, and Jane Does 1 through 3 engaged in a pattern of racketeering activity through the use of the wires and mails, in violation of 18 U.S.C. § 1962.  Plaintiff alleges specifically, "Upon information and belief Carlos Peixoto and the Macedos Defendants and each of them communicated with one another and Jose Moreira to convince Moreira to join in their fraudulent scheme from in or about October 1, 2005 through and including October 14, 2005, and in so doing used or caused to be used the mails, telephone, telegraph and other wires dedicated to the communication of electronic data in the United States (hereinafter U.S. mail and wires)."  (Complaint. at ¶ 29.)  Further

Plaintiff alleges Sandra Macedo-Bilynsky and the Macedos Defendants submitted a First Notice of Claim Form falsely identifying Moreira as Macedos Construction Company Inc.'s employee on the date of the accident, for the purpose of notifying Virginia Surety of the Moreira accident on October 5, 2005, and transmitted the same to Virginia Surety via Macedos' insurance broker, using–and intending others to use–the US mail/or wires in so doing." (Id. at ¶ 30.)

Plaintiff's vague allegations of fraudulent acts by multiple defendants fail to meet the pleading requirements of Rule 9(b).  Plaintiff has failed to identify with sufficient specificity which of the Defendants engaged in fraudulent activities through the use of the mails or wires. "Allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)."  Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 508 (D.N.J. 2000).

Plaintiff fails to identify the "date, place or time" the particular defendants engaged in fraudulent acts through the use of the mails and wires, and does not otherwise inject precision into the time of the allegedly fraudulent acts.  Merely stating a broad time period of October 1 through 14 during which the Defendants allegedly communicated with each other through use of the mails and wires to further the fraudulent scheme is insufficiently precise to meet the pleading requirements of Rule 9(b).

Plaintiff alleges that the Macedos Defendants induced Jose Moreira to submit a false Workers' Compensation claim form, through use of the mails and/or wires, indicating that he is an employee of the Macedos Construction Company, Inc.

New Jersey courts have held, however, that whether an individual is a employee or not is a question of law mixed with fact.  See Sloan v. Luyando, 701 A.2d 1275, 1279 (N.J. Super. Ct.

App. Div. 1997) ("Whether Sloan was an "employee" or an "independent contractor" is a mixed question of law and fact."). New Jersey courts have also been clear that, "the term 'employee' is to be defined liberally in order to bring as many cases as possible within the scope of the Workers' Compensation Act so that the cost of industrial accidents may be passed along as part of the cost of the product or service provided." Id. "The rule that the compensation act is to be liberally construed in favor of its applicability is not altered by the fact that a plaintiff believes he can establish negligence and bring a civil suit for damages; the act is to be liberally construed, so as to include all services that can reasonably be said to be within it, not only when the injured person seeks its protection, but when he attempts to have himself excluded from the coverage of the act." Santos v. Standard Havens, Inc., 541 A.2d 708, 713 (N.J. Super. Ct. App. Div. 1988). It is well established that "misrepresentations of the law are not actionable as fraud, including under the mail and wire fraud statutes because statements of the law are considered merely opinions and may not be relied upon absent special circumstances." Sosa v. DIRECTV, Inc., 437 F.3d 616, 621 (9th Cir. 2006). Therefore, Plaintiff's allegations that the Macedos Defendants committed wire and mail fraud by virtue of falsely claiming that Defendant Jose Moreira was an employee of the Macedos Construction Co., Inc. in order obtain Workers' Compensation benefits is not actionable as mail and wire fraud.

Plaintiff also alleges that Defendant Jack Macedo engaged in a pattern of racketeering activity. In support of its claim that Jack Macedo engaged in a pattern of racketeering activity, Plaintiff points out that Jack Macedo has admitted to bribery in a separate action. "The Defendant Jack Macedos [sic] has admitted to paying no less than seven bribes in the aggregate sum of $110, 500 to the Construction Manager retained by Princeton University as a

consideration of unwarranted, unearned and unlawful payments and advantages for Macedos Construction Company, Inc., the Enterprise (and consequently the Macedos Defendants) in respect to a construction projection let for bid by Princeton University." (Complaint at ¶ 55.) Plaintiff alleges that Defendant Jack Macedo committed predicate acts of bribery in violation of 18 U.S.C. § 1961, which form a pattern of racketeering activity.  (Id. at ¶ 57.)

    To establish a pattern of racketeering, Plaintiff must prove at least two predicate acts of racketeering, and that the alleged predicate acts are related and continuous.  See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).  "Under the first, or "relatedness," requirement of the RICO statute, as interpreted in H.J. Inc., predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Tabas v. Tabas, 47 F.3d 1280, 1292 (3d Cir. 1995).

    The bribery allegations against Defendant Jack Macedo, concerning a construction project with Princeton University are not related to the alleged predicate acts of mail and wire fraud described in the Complaint.  The bribery described in the Complaint is an isolated event that is unrelated to the alleged fraudulent scheme to obtain Workers' Compensation for Jose Moreira. Plaintiff has failed to establish a pattern of racketeering activity involving Defendant Jack Macedo.  Plaintiff has therefore failed to establish that Defendant Jack Macedo has engaged in at least two predicate acts of racketeering.

    Based on the foregoing, Plaintiff has failed to adequately plead its RICO claim against the Macedos Defendants (Jack Macedo, Sandra Macedo-Bilynsky, and Carlos Peixoto).  Count I of Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim upon which

relief can be granted.

### B. Plaintiff's State Law Claims

Plaintiff raises several fraud-based state law claims in addition to the aforementioned RICO claim.  Plaintiff's second cause of action is for insurance fraud in violation of the New Jersey Insurance Fraud and Prevention Act, N.J. STAT. ANN. § 17:33A-1.  Plaintiff alleges "Defendants, for the purpose of supporting a claim for payment and other benefits pursuant to the aforementioned insurance policies, presented and caused to be presented, written statements knowing that the statements contain false and misleading information concerning facts material to the claim."  (Complaint at ¶ 73.)

In Count III of the Complaint, Plaintiff alleges Defendants engaged in Workers' Compensation Fraud, in violation of N.J. STAT. ANN. § 34:15-1: "Defendants fabricated a fraudulent W-2 form and conspired with Moreira to submit a fraudulent Workers' Compensation "Questionnaire" in order to create the appearance of an employer/employee relationship and concealed the true nature of Moreira's status as an non-employee of Macedos Construction Company, Inc., attempting to fabricate insurance coverage that would not otherwise exist for an accident that had already occurred."  (Complaint at ¶ 79.)

In Count IV of the Complaint Plaintiff pleads a cause of action for common law fraud. Plaintiff states that "Defendants, through the fraudulent scheme set forth herein defrauded Virginia Surety by knowingly making material representations that were false with the intent to deceive Virginia Surety." (Complaint at ¶ 83.)

In pleading fraud, FED. R. CIV. P. 9(b) establishes a heightened pleading standard by requiring that "the circumstances constituting fraud or mistake shall be stated with particularity.

Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlement." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997) (citations omitted). Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999).[1]

As with Plaintiff's RICO claim, Plaintiff fails to state the allegations of fraud with particularity so that individual defendants are aware of the allegations made against them and have an opportunity to answer the charges. Plaintiff's vague allegations of fraud against multiple defendants are insufficient to satisfy Rule 9(b). Plaintiff has failed to distinguish which Defendants have engaged in specific fraudulent acts. As noted above, "Allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)." Poling, 99 F. Supp. 2d at 508 (D.N.J. 2000).

Plaintiff's Complaint also contains no allegations, general or specific, directed to Rosa Gomes and does not aver that she engaged in any wrongful or fraudulent conduct. Further, Plaintiff does not allege that Defendant Jose Moreira made any specific knowing material

---

[1]  Plaintiff's state law claims, predicated on fraud, are also subject to the pleading requirements of Rule 9(b). The Third Circuit has established that federal procedural law governs both federal and state law fraud claims. See Continental Collieries, Inc. v. Shober, 130 F.2d 631 (3d Cir. 1942) ("However, [the Pennsylvania Practice Act] and the decisions construing it need not concern us, for in matters of pleading the federal courts, since the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are no longer controlled by state practice.").

misrepresentations.  These are fatal flaws regarding these defendants in Plaintiff's Complaint.

In Count V of the Complaint, Plaintiff alleges Conspiracy to Defraud by the Defendants. "In furtherance of the fraudulent scheme and conspiracy, the Defendants misrepresented to Virginia Surety, that the fraudulent workers' compensation claim, construction contract, and W-2 form were legitimate documents, when they in fact were not." (Complaint at ¶ 90.)

Under New Jersey law, a civil conspiracy is a "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, a principal element of which is to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 876 A.2d 253, 263 (N.J. 2005). "The gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action." Morgan v. Union Co. Bd. of Chosen Freeholders, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993).  When a conspiracy is based in fraud, courts in this District have held that such claims must also be pled with particularity under FED. R. CIV. P. 9(b).  "In actions alleging a conspiracy to defraud, the particularity requirements of Rule 9(b) must be met." Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1468 (D.N.J. 1986).

Plaintiff has failed to allege facts that would implicate any of the Defendants in a conspiracy to defraud because the underlying fraud has not been pled with particularity.

In Count VI of the Complaint, Plaintiff repeats and re-alleges that Defendants committed fraud in obtaining Workers' Compensation benefits for Jose Moreira.  (Complaint at ¶ 94.) Plaintiff claims that Defendants were unjustly enriched as a result their fraudulent scheme at the expense of Virginia Surety. "Defendants wrongfully obtained monies rightfully belonging to Virginia Surety, and have benefitted by reason of professional services rendered on their behalf

19

by attorneys and other professionals retained by Virginia Surety, and thereby have been unjustly enriched for their own personal benefit, for which Plaintiff has no adequate remedy at law." (Id. at ¶ 95.)

Under New Jersey law, "to establish unjust enrichment: a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust. The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Cameco, Inc. v. Gedicke, 690 A.2d 1051, 1059 (N.J. Super. Ct. App. Div. 1997).

Plaintiff claims that Defendants wrongfully obtained monies belonging to Virginia Surety as a result of Defendants' alleged fraud. (Complaint at ¶¶ 94-95.) Plaintiff, however, has failed to plead the underlying fraud, which serves as the basis for its unjust enrichment claim, with particularity, as required by Rule 9(b).

In Count VII of the Complaint, Plaintiff seeks a declaratory judgment rescinding and voiding coverage for Jose Moreira under the Workers' Compensation policy issued to Macedos Construction Company, Inc. In Count VIII of the Complaint, Plaintiff seeks a declaratory judgment rescinding the general liability policy issued to Macedos Construction Company, Inc. In support of both counts Plaintiff merely alleges that Defendants, by reason of false and fraudulent conduct alleged in the Complaint, have forfeited all coverage for any claim or defense, indemnity or proceeds or insurance pursuant to the each of the policies. (Complaint at ¶¶ 98-101.)

"The Declaratory Judgment Act, 28 U.S.C. § 400, 28 U.S.C.A. § 400, gives to the district

courts power 'in cases of actual controversy' with their jurisdiction 'to declare rights and other legal relations of any interested party petitioning for such declaration.' It is settled that a controversy between an insurer and its insured as to the extent of the insurer's responsibility under the insurance policy involves the rights of the insurer and will support a declaratory judgment proceeding...The granting of the remedy of a declaratory judgment is nevertheless discretionary with the court and it may be refused if it will not finally settle the rights of the parties or if it is being sought merely to determine issues involved in cases already pending." Maryland Cas. Co. v. Consumers Finance Service of Pennsylvania, 101 F.2d 514 (3d Cir. 1938).

Plaintiff has failed to plead the underlying fraud described in the Complaint with particularity as required by FED. R. CIV. P. 9(b).  As such, Plaintiff's request for declaratory relief as against the Macedos Construction Company, Inc. in Counts VII and VIII must be denied.[2]

## VI. CONCLUSION

For the reasons set forth above, this Court grants Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P.12(b)(6), without prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:   September 30, 2009

---

[2]  Defendants Rosa Gomes and Jose Moreira were not parties to either contract and as such Counts VII and VIII are inapplicable to them.  (Complaint at ¶¶ 20-21.)